In re:  
Donald Jay Bishop  
    Debtor

Case No. 17-01522-RNO  
Chapter 7

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: admin     Page 1 of 1     Date Rcvd: Aug 10, 2017  
                    Form ID: 318     Total Noticed: 15

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 12, 2017.

```
db              +Donald Jay Bishop,    245 South Walnut Street,    Burnham, PA 17009-1723
4909140         +Citicorp Credit Services,    Centralized Bankruptcy,    P.O. Box 790040,
                  Saint Louis, MO 63179-0040
4909141         +Client Services, Inc.,    3451 Harry Truman Blvd.,    Saint Charles, MO 63301-9816
4909142          Credit Control, LLC,    P.O. 5757 Phantom Drive,    Suite 330,    Hazelwood, MO 63042
4909517         +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
4909151          Valley Rural Electric Cooperative,    PO Box 477,    Huntingdon, PA 16652-0477
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
4909138          EDI: CAPITALONE.COM Aug 10 2017 18:58:00     Capital One Bank (USA) N.A.,
                  ATTN: Bankruptcy Dept.,    P.O. Box 30285,    Salt Lake City, UT 84130-0285
4909139         +EDI: CHASE.COM Aug 10 2017 18:58:00     Chase Card,    ATTN: Correspondence Dept.,
                  P.O. Box 15298,    Wilmington, DE 19850-5298
4909143          E-mail/Text: bankruptcynotice@fcbanking.com Aug 10 2017 18:53:34     First Commonwealth Bank,
                  P.O. Box 537,    Indiana, PA 15701-0537
4909144          EDI: HFC.COM Aug 10 2017 18:58:00     HSBC,    Cardmember Services,    P.O. Box 5250,
                  Carol Stream, IL 60197-5250
4909146          EDI: IRS.COM Aug 10 2017 18:58:00     Internal Revenue Service,
                  Centralized Insolvency Operation,    P.O. Box 7346,    Philadelphia, PA 19101-7346
4909147         +EDI: RESURGENT.COM Aug 10 2017 18:58:00     LVNV Funding, LLC,    Attn: Bankruptcy Department,
                  P.O. Box 10587,    Greenville, SC 29603-0587
4909148          EDI: PRA.COM Aug 10 2017 18:58:00     Portfolio Recovery Associates, LLC,
                  ATTN: Bankruptcy Department,    P.O. Box 41067,    Norfolk, VA 23541
4909149         +E-mail/Text: bankruptcyteam@quickenloans.com Aug 10 2017 18:53:45     Quicken Loans,
                  1050 Woodward Avenue,    Detroit, MI 48226-1906
4909150          EDI: RMSC.COM Aug 10 2017 18:58:00     Synchrony Bank,    Attn: Bankruptcy Dept.,
                  P.O. Box 965060,    Orlando, FL 32896-5060
                                                                                              TOTAL: 9

            ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
4909145          Huston D. Godwin
cr*             +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                                              TOTALS: 1, * 1, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 12, 2017                                          Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 10, 2017 at the address(es) listed below:

```
              James Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              Jeffrey Wayne Ross    on behalf of Debtor Donald Jay Bishop jross@shepleylaw.com,
               jeffreywross@hotmail.com
              John P Neblett (Trustee)    jpn@neblettlaw.com, pa06@ecfcbis.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 4
```

| | | |
|---|---|---|
| **Information to identify the case:** | | |
| Debtor 1 | **Donald Jay Bishop** | Social Security number or ITIN xxx–xx–3614 |
| | First Name   Middle Name   Last Name | EIN _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN _ _ _ _ |
| | | EIN _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court   **Middle District of Pennsylvania** | | |
| Case number:   **1:17–bk–01522–RNO** | | |

# Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Donald Jay Bishop

**By the court:**

August 10, 2017

*(signature)* Robt N. Opel II

Honorable Robert N. Opel
United States Bankruptcy Judge

By: AutoDocketer, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**

Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**